Diane RIORDAN; Thomas J. Riordan, Plaintiffs–Appellants,

v.

POWERS FASTENERS INC., a foreign corporation, Defendant–Appellee.

Diane Riordan; Thomas J. Riordan, Plaintiffs–Appellees,

v.

Powers Fasteners Inc., a foreign corporation, Defendant–Appellant.

Nos. 11–35901, 11–36003.

United States Court of Appeals, Ninth Circuit.

**192**

Submitted Dec. 6, 2012.*

Filed Dec. 10, 2012.

Michael A. Barcott, Esquire, Megan Blomquist, Holmes Weddle & Barcott, APC, Charles L. Meyer, Esquire, Law Office of Charles L. Meyer, Seattle, WA, for Plaintiffs–Appellants and Plaintiffs–Appellees.

Yvonne M. Benson, Christopher Tompkins, Betts Patterson & Mines, PS, Seattle, WA, for Defendant–Appellee and Defendant–Appellant.

Before: TALLMAN and WATFORD, Circuit Judges, and GLEASON, District Judge.**

## MEMORANDUM ***

The district court's order to dismiss is affirmed. The plaintiffs failed to follow the statutory requirements for personal service under Wash. Rev.Code § 4.28.080(9).

When the plaintiffs' process server arrived at the defendant's facility after business hours, he served a maintenance supervisor who had stayed late to solve a power failure. Under no construction of the statute can an employee with such limited responsibility qualify as a "managing agent." *See Crose v. Volkswagenwerk Aktiengesellschaft,* 88 Wash.2d 50, 58–59, 558 P.2d 764 (1977). The plaintiffs failed to serve any of the persons enumerated in the statute. *See Witt v. Port of Olympia,* 126 Wash.App. 752, 757–58, 109 P.3d 489 (2005).

We need not consider whether Washington would apply a theory of apparent authority to personal service because the defendant, the supposed principal, did nothing to create a reasonable belief that the maintenance supervisor had any representative authority. *See Estep v. Hamilton,* 148 Wash.App. 246, 258–59, 201 P.3d 331 (2008).

The district court's denial of statutory attorneys' fees is also affirmed. There was no "personal service" under Wash. Rev.Code § 4.28.080. Therefore, the defendant could not have been "personally served," a predicate for attorneys' fees under § 4.28.185(5). *See Ralph's Concrete Pumping, Inc. v. Concord Concrete Pumps, Inc.,* 154 Wash.App. 581, 591–92, 225 P.3d 1035 (2010).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.